# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHARON WEINBERGER <br> c/o 1250 Connecticut Avenue, N.W. <br> Suite 700 <br> Washington, D.C. 20036 <br> (Maryland Resident) <br><br> and <br><br> THE JAMES MADISON PROJECT <br> 1250 Connecticut Avenue, N.W. <br> Suite 700 <br> Washington, D.C.  20036 <br><br>     Plaintiffs, <br><br>     v. <br><br> U.S. POSTAL SERVICE <br> 475 L'Enfant Plaza, SW, Room 4012 <br> Washington, D.C. 22060-2200 <br><br> and <br><br> DEPARTMENT OF HOMELAND SECURITY <br> STOP-0655 <br> 245 Murray Lane, SW <br> Washington, D.C. 20528-0655 <br><br> and <br><br> OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE <br> Washington, D.C. 20511 <br><br> and <br><br> DEPARTMENT OF JUSTICE <br> 950 Pennsylvania Avenue, NW <br> Washington, D.C. 20530-0001 <br><br>     Defendants. | Civil Action No. 21-1760 |

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, to compel disclosure of agency records sought by the plaintiffs Sharon Weinberger and The James Madison Project from the defendants United States Postal Service, Department of Homeland Security, Office of the Director of National Intelligence, and the Department of Justice (as well as their subordinate entities).

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Sharon Weinberger ("Weinberger") currently serves as the D.C. Bureau Chief for Yahoo News, and is a representative of the news media. She is a resident of Anne Arundel County in Maryland.

4. Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

5. Defendant U.S. Postal Service ("USPS") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. USPS controls – and serves as the proper party defendant for litigation purposes for – the Postal Inspection Service ("USPIS").

6. Defendant Department of Homeland Security ("DHS") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

7. Defendant Office of the Director of National Intelligence ("ODNI") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action.

8. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DOJ controls – and serves as the proper party defendant for litigation purposes for – the Federal Bureau of Investigation ("FBI"), the Office of the Attorney General ("OAG"), the Office of the Deputy Attorney General ("DAG"), and the Office of the Associate Attorney General ("AAG").

## FACTUAL BACKGROUND

9. This lawsuit is brought under the Freedom of Information Act ("FOIA"). It seeks production of copies of non-exempt agency records outlining the U.S. Government's implementation of the Internet Covert Operations Program (known as "iCOP").

10. On April 21, 2021, Yahoo News reported on a law enforcement surveillance effort, known as iCOP, being overseen by the U.S. Postal Service's Postal Inspection Service ("PIS"). Per the reporting, iCOP involves reviews of social media sites for "inflammatory" postings, and involves sharing across the U.S. Government information collected by iCOP. The reporting was based in part on a March 16, 2021, U.S. Government bulletin that specifically identified iCOP's activities. *https://news.yahoo. com/the-postal-service-is-running-a-running-a-covert-operations-program-that-*

*monitors-americans-social-media-posts-160022919.html* (last accessed July 14, 2021). Subsequent media reporting outlined how iCOP relies on analysts using fake identities online and facial recognition software that "scrapes" images off of public websites. *https://news.yahoo.com/facial-recognition-fake-identities-and-digital-surveillance-tools-inside-the-post-offices-covert-internet-operations-program-214234762.html* (last accessed July 14, 2021).

11. In Congressional testimony shortly after the emergence of this media reporting, Chief Postal Inspector Gary Barksdale confirmed the existence of iCOP (also known as "Analytics"), stated it had been created in 2017, and that at least seven other iCOP intelligence bulletins relying upon social media investigations were produced between December 2020 and March 2021. *https://news.yahoo.com/chief-postal-inspector-tells-lawmakers-that-social-media-monitoring-began-after-george-floyd-protests-145116660.html* (last accessed July 14, 2021). Bipartisan calls for a formal investigation have since emerged from the House Oversight Committee. *https://news.yahoo.com/house-oversight-committee-asks-for-investigation-into-the-postal-services-covert-internet-surveillance-program-184336132.html* (last accessed July 14, 2021).

12. This FOIA lawsuit seeks disclosure of U.S. Government records outlining the circumstances in which iCOP was first created, how it was implemented and any third-party entities that have been contracted by the U.S. Government to help utilize it.

## COUNT ONE (USPS)

13. The plaintiffs, Weinberger and JMP (hereinafter referred to jointly as "the Requesters"), repeat and reallege paragraphs 9 through 12 above, inclusive.

14. By letter dated May 20, 2021, the Requesters submitted to the USPS a FOIA request for records.

15. Although the FOIA request sought several categories of records, for purposes of this lawsuit the only categories at issue are the following:

1) All U.S. Government "bulletins" or equivalent internal documentation that reference use of information derived from ICOP;

2) Documentation constituting individual or summary reports that identify particular "inflammatory" postings or other relevant information collected through iCOP that was shared with other U.S. Government agencies; and

3) Documentation constituting briefings or other forms of notification to Congress regarding creation and implementation of iCOP.

16. In the FOIA request, the Requesters provided information on databases where responsive records were reasonably likely to be located, as well as search terms that were reasonably likely to identify responsive records. The Requesters also provided information outlining their request for news media status and a fee waiver, as well as expedited processing.

17. By letter dated May 21, 2021, the USPS refused to process the FOIA request, stating that only the USPIS was an appropriate entity from which the Requesters should be seeking records. The USPS did not afford the Requesters with any appeal rights, and did not indicate if the USPS would even accept an administrative appeal of this refusal if one had been submitted by the Requesters.

18. The Requesters have been denied their statutory rights under the FOIA. No further exhaustion of administrative remedies is required.

**COUNT TWO (USPIS)**

19. The Requesters repeat and reallege paragraphs 9 through 12 above, inclusive.

20. By letter dated May 20, 2021, the Requesters submitted to the USPIS a FOIA request for records.

21. The Requesters repeat the allegations in paragraphs 15 and 16 above, as the scope of the FOIA request submitted to USPIS that is at issue in this litigation is identical to that which was submitted to USPS.

22. No substantive responsive has been received by the Requesters from USPIS. No further constructive or actual exhaustion of administrative remedies is required.

### COUNT THREE (DHS)

23. The Requesters repeat and reallege paragraphs 9 through 12 above, inclusive.

24. By letter dated May 20, 2021, the Requesters submitted to DHS a FOIA request for records.

25. The Requesters repeat the allegations in paragraphs 15 and 16 above, as the scope of the FOIA request submitted to DHS that is at issue in this litigation is identical to that which was submitted to USPS.

26. By letter dated June 10, 2021, DHS refused to process the FOIA request, stating that only the USPS was an appropriate entity from which the Requesters should be seeking records. DHS did not afford the Requesters with any appeal rights, and did not indicate if DHS would even accept an administrative appeal of this refusal if one had been submitted by the Requesters.

27. The Requesters have been denied their statutory rights under the FOIA. No further exhaustion of administrative remedies is required.

### COUNT FOUR (ODNI)

28. The Requesters repeat and reallege paragraphs 9 through 12 above, inclusive.

29. By letter dated May 20, 2021, the Requesters submitted to ODNI a FOIA request for records.

30. The Requesters repeat the allegations in paragraphs 15 and 16 above, as the scope of the FOIA request submitted to ODNI that is at issue in this litigation is identical to that which was submitted to USPS.

31. By letter dated May 26, 2021, ODNI acknowledged receipt of the FOIA request. The FOIA request was designated as Request Number DF-2021-00228. ODNI indicated that the fee waiver request had been granted.

32. No substantive responsive has been received by the Requesters from ODNI. No further constructive or actual exhaustion of administrative remedies is required.

## COUNT FIVE (FBI)

33. The Requesters repeat and reallege paragraphs 9 through 12 above, inclusive.

34. By letter dated May 20, 2021, the Requesters submitted to the FBI a FOIA request for records.

35. The Requesters repeat the allegations in paragraphs 15 and 16 above, as the scope of the FOIA request submitted to the FBI that is at issue in this litigation is identical to that which was submitted to USPS.

37. No substantive responsive has been received by the Requesters from the FBI. No further constructive or actual exhaustion of administrative remedies is required.

## COUNT SIX (DOJ)

38. The Requesters repeat and reallege paragraphs 9 through 12 above, inclusive.

39. By letter dated May 20, 2021, the Requesters submitted to DOJ a FOIA request for records in the possession of the OAG, DAG, and the AAG.

40. The Requesters repeat the allegations in paragraphs 15 and 16 above, as the scope of the FOIA request submitted to DOJ that is at issue in this litigation is identical to that which was submitted to USPS.

41. By letter dated May 24, 2021, DOJ informed the Requesters it was denying the request for expedited processing. DOJ designated the FOIA request as Request Number FOIA-2021-01377.

42. No substantive responsive has been received by the Requesters from the DOJ. No further constructive or actual exhaustion of administrative remedies is required.

WHEREFORE, plaintiffs Sharon Weinberger and The James Madison Project pray that this Court:

(1) Order the defendant federal agencies to produce to the plaintiffs copies of all non-exempt records responsive to the plaintiffs' FOIA requests;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d);

(3) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(4) Grant such other relief as the Court may deem just and proper.

Date:   July 14, 2021

                              Respectfully submitted,

                                 /s/ *Bradley P. Moss*
                              _____
                              Bradley P. Moss, Esq.
                              MD Bar #17379
                              Mark S. Zaid, P.C.
                              1250 Connecticut Avenue, N.W.
                              Suite 700
                              Washington, D.C. 20036
                              (202) 454-2809
                              (202) 330-5610 fax
                              Brad@MarkZaid.com

                              Attorney for the Plaintiffs