# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHARON WEINBERGER, *et al.*, | Civil Action No. 1:21-cv-01760-CCB |
| Plaintiffs, | |
| v. | |
| U.S. POSTAL SERVICE, *et al.*, | |
| Defendants. | |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER

This case should be transferred to the United States District Court for the District of Columbia because the interests of justice in avoiding duplicative litigation and the risk of conflicting judgments outweigh the Plaintiffs' choice of forum. Plaintiffs oppose the motion to transfer, but their two-page opposition offers little explanation for that position. Accordingly, Defendants respectfully request that the Court transfer this action to the District of Columbia, where Defendants will seek to have it consolidated with other related cases—including a case addressing the same set of FOIA requests at issue in this action.

**A. Plaintiffs Have Offered No Explanation Why Transfer Is Inappropriate In This Case.**

As an initial matter, Plaintiffs do not challenge (or even address) Defendants' argument that the Plaintiffs' choice of forum should be afforded limited weight in this case because of the limited connection between the chosen forum and the action itself. *See* Defs.' Mem. in Supp. of Mot. to Transfer 4-5, ECF No. 12-1 ("Defs.' Mem."). Plaintiffs also appear to concede that convenience to witnesses, the parties, and counsel either favors or is neutral towards transfer. *See* Defs.' Mem. 5-6. And Plaintiffs do not suggest that they will be prejudiced by such a transfer. Rather than addressing these key factors, Plaintiffs offer little more than a conclusory statement that "[t]he interests to justice do not weigh in favor of transferring this action away from the Plaintiffs' chosen venue." Opp'n. to Defs.' Mot. to Transfer 1, ECF No. 14 ("Opp'n."). But, as explained in Defendants' opening memorandum and as discussed further below, the interests of justice strongly favor transferring this case to the District of Columbia so that it can be consolidated with other related cases. *See* Defs.' Mem. 6-9; *see* pages 2-5, *infra*.

1

Plaintiffs' sole remaining argument against transfer is that the plaintiff in one of the related actions, *Electronic Frontier Foundation v. U.S. Postal Service*, has indicated that it has concerns about consolidation and may ultimately oppose a motion to consolidate. *See* Opp'n. 1. But the fact that one party may oppose consolidation does not mean that the government should not be permitted to seek consolidation over that opposition, or that the court will not grant that consolidation. The government should be permitted to seek consolidation even if its efforts are ultimately unsuccessful.

Defendants note that Judge Kollar-Kotelly recently denied without prejudice Defendants' motion to consolidate the *Judicial Watch* and *Electronic Frontier Foundation* cases because the court was not persuaded that consolidation was appropriate "at this time" and "[b]ased on the present record." Order (Sept. 17, 2021), *Judicial Watch v. U.S. Postal Serv.*, No. 1:21-cv-01735-CKK (D.D.C.), ECF No. 14. The court's order leaves open the possibility that consolidation may be appropriate at a later stage in the case—*e.g.*, once the parties determine the extent of overlapping records at issue in each case. Thus, even if a court does not elect to consolidate this case with other cases at this moment in time, transferring this case to the District of Columbia would allow the parties and the court to revisit the idea of consolidation at a later time.

   B. **The Interests of Justice Support Transferring This Case for Consolidation With Related Cases Pending in the District of Columbia, Including a Case Filed by Plaintiff James Madison Project Regarding the Same FOIA Requests At Issue Here.**

Even if the instant action should not be consolidated with the *Electronic Frontier Foundation* or *Judicial Watch* actions, it should still be transferred to the United States District Court for the District of Columbia so that it can be consolidated with another action brought by Plaintiff James Madison Project based on the same FOIA requests at issue in the instant action. *See* Compl., *James Madison Project v. U.S. Postal Serv.*, No. 1:21-cv-01887-APM, attached hereto as Exhibit A. The FOIA requests at issue in the instant action were submitted on behalf of Plaintiff Sharon Weinberger, Plaintiff James Madison Project and a third individual, Jana Winter. According to the complaints, both Ms. Winter and Ms. Weinberger are currently associated with Yahoo News. Ms. Winter is an investigative journalist who currently serves as a Contributor for Yahoo News, *see* Ex. A. ¶ 4, while Plaintiff

Weinberger is the D.C. Bureau Chief for Yahoo News, *see* Compl. ¶ 3. The FOIA requests sought seven categories of records related to ICOP:

1. Documentation outlining the factual, legal and/or policy bases for creation and implementation of iCOP, including documentation that identifies the legal authorities relied upon in creating iCOP and agency rules delineating privacy or privilege restrictions on collecting or sharing information;
2. Documentation reflecting criteria, terms and/or restrictions for sharing with other U.S. Government agencies information collected through iCOP;
3. Documentation reflecting training manuals or equivalent materials (whether in written, audio or video form) relied upon to train users of iCOP;
4. Documentation memorializing contractual agreements with third party companies, organizations or individuals regarding use and implementation of iCOP;
5. All U.S. Government "bulletins" or equivalent internal documentation that reference use of information derived from ICOP;
6. Documentation constituting individual or summary reports that identify particular "inflammatory" postings or other relevant information collected through iCOP that was shared with other U.S. Government agencies; and
7. Documentation constituting briefings or other forms of notification to Congress regarding creation and implementation of iCOP.

*See, e.g.*, Letter from Melissa F. Brantley, FOIA Analyst, U.S. Postal Inspection Serv., to Brad Moss, James Madison Project (May 28, 2021), attached hereto as Ex. B; *see also* Ex. A ¶ 15; Compl. ¶ 15.

Two months after filing these FOIA requests, Plaintiffs Weinberger and James Madison Project initiated the instant action with respect to three of the seven categories of records (i.e., items 5 through 7 on the above list). *See* Compl. ¶ 15. The Complaint specified that these three categories of records were the only categories at issue "for purposes of this lawsuit." *Id.* But the Complaint did not note that on the same day that this case was initiated, the Plaintiff James Madison Project and the third requestor, Jana Winter, filed a separate action in the United States District Court for the District of Columbia with respect to the remaining four categories of records sought by the same FOIA requests. *See* Ex. A. ¶ 15. Other than the substitution of Ms. Winter for Plaintiff Weinberger and the categories of records at issue, the complaints are nearly identical. *Compare* Compl. *with* Ex. A. The same counsel filed both lawsuits, but neither complaint acknowledges the other lawsuit and, indeed, undersigned counsel only learned of the action in the District of Columbia after filing Defendants' Motion to Transfer.

As explained in Defendants' opening memorandum, "[i]n general, the pendency of a related action in the transferee forum favors transfer where it would be both feasible and beneficial to consolidate the actions." *Bd. of Trustees, Sheet Metal Workers Nt. Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1261 (E.D. Va. 1988). That is particularly true where, as here, the cases involve significant overlap in terms of both parties and subject matter. *See, e.g.*, *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 474 (D. Md. 2008) (transferring action where the same plaintiffs filed a "virtually identical action" in another court on the same day).

Although the lawsuits address different "categories of records" from the same FOIA requests, it is not evident that these categories of records are necessarily distinct or that certain records will not fall into more than one category. Additionally, Plaintiffs presented all seven "categories of records" to each government agency in the form of a single FOIA request to that agency. Some agencies have already responded to their respective FOIA request, and others are in the process of searching for or reviewing records that may be responsive to the FOIA request. Thus, to the extent that Plaintiffs challenge the adequacy of an agency's search, two separate courts would have to weigh in on the same search, leading to unnecessarily duplicative litigation. *See Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000) (recognizing that one "significant factor" in considering a motion to transfer "is the interest of justice in avoiding duplicative litigation in different federal courts"). Further, because the parties anticipate ongoing production of responsive, non-exempt records from some agencies, there is the possibility of conflicting production schedules for the same FOIA request. Moreover, if these cases proceed in separate courts, agencies that locate responsive records may be required to determine which of the seven requested "categories" each responsive record belongs to in order to determine which court should address any claimed FOIA exemptions. In addition to unnecessarily complicating the agency's processing and production of records, it is possible that some records will fall into more than one category, creating a risk of inconsistent judgments on the same withholding in connection with the same FOIA request. *See Convergence Technologies (USA), LLC v. Microloops Corp.*, 711 F. Supp. 2d 626, 642 (E.D. Va. 2010) ("[I]t is well-

settled that transfer under § 1404(a) is generally in the interest of justice if a decision not to transfer would lead to courts rendering inconsistent judgments on the same issue").

As Defendants explained in their opening brief, "the pendency of a related action" in another court is a strong factor in favor of transferring a case to that court. *See Baylor Heating*, 702 F. Supp. at 1260. Here, there are three related actions pending in the United States District Court for the District of Columbia, including an action filed by one of the Plaintiffs in this action regarding different portions of the same FOIA request. In these circumstances, the interests of justice support transfer, and the Court should transfer this case to the United States District Court for the District of Columbia.

Dated: September 27, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ Alexandra R. Saslaw
ALEXANDRA R. SASLAW (Bar No. 816507)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 514-4520
Email: alexandra.r.saslaw@usdoj.gov

*Counsel for Defendants*